## Case No. 1,240.

### In re BELDEN.

[2 N. B. R. (1874,) 42, (Quarto, 14;) [1] 2 Am. Law Rev. 771; 15 Pittsb. Leg. J. 547.]

District Court, D. California.

BANKRUPTCY—PREFERENCES—INTENT.

The property of a debtor being attached by a hostile creditor, without his knowledge, and he [having] omitted to have himself adjudged a voluntary bankrupt: *Held*, that the omission had no retrospective intent on the previous taking of the property, and could not "supply the intent to give a preference."

[Cited in Beattie v. Gardner, Case No. 1,195.]

[In bankruptcy. Application by Francis C. Belden, a bankrupt, for a discharge. Creditors object. Objection overruled.]

In this case the bankrupt having applied for a discharge, the creditors' counsel objected on the ground that Belden had brought himself within the meaning of the twenty-ninth section of the bankrupt act of 1867, [14 Stat. 531,] which forbids the discharge to be granted in cases where the bankrupt has, within four months before the commencement of proceedings, procured his property to be attached, &c. It appeared that the attachment had been made without his knowledge or consent, by a hostile creditor. But it was contended, on the part of the creditors, that Belden came within the meaning of the clause, by having subsequently omitted "to procure himself to be adjudged a voluntary bankrupt." But THE COURT (HOFFMAN, District Judge) decided that this omission "could have no retrospective intent on the previous taking of the property," and could not "supply the intent to give a preference, which is an essential ingredient in the act of bankruptcy, and which, when the property was taken, had no existence."